DECISION AND JUDGMENT ENTRY
{¶ 1} John F. Wright appeals the sentence imposed upon him by the Lawrence County Court of Common Pleas for his violation of his community control sanctions. Wright contends that the trial court erred by sentencing him without making the findings required by R.C. 2929.14. Because R.C. 2929.14 findings are mandatory, we agree. Accordingly, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
 I {¶ 2} The trial court sentenced Wright to community control sanctions in case numbers 99CR47 and 99CR72 for one fourth-degree felony count of theft by deception, one fifth-degree felony count of theft by deception, and one fifth-degree felony count of passing bad checks. Several months later, in case number 00CR87, the trial court sentenced Wright to community control sanctions for two fifth-degree felony counts of passing bad checks.
 {¶ 3} Wright does not dispute the trial court's May 21, 2003 finding that he violated the terms of his community control sanctions. In sentencing Wright for the community control violations, the trial court found that it had "no local Community Control Sanctions which are adequate to deal with this problem." The court further found that it could sentence Wright to up to four years and five months of incarceration. The court sentenced Wright to four years incarceration.
 {¶ 4} Wright appeals, asserting the following assignment of error: "The trial court erred in imposing a sentence on the defendant that was contrary to felony sentencing guidelines by failing to impose the minimum prison term on the appellant and by sentencing the defendant to consecutive terms of incarceration contrary to R.C. 2929.41 and R.C. 2929.14 and R.C.2929.14(E)(4)."
 II {¶ 5} R.C. 2953.08(A)(4) provides that a defendant who is convicted of a felony may pursue an appeal on the ground that the sentence is contrary to law. The appellate court may modify the sentence upon clearly and convincingly finding that the sentence is not supported by the record, the sentence erroneously includes or excludes a prison term, or the sentence is contrary to law. R.C. 2953.08(G)(1)(a)-(d). In applying this standard of review, we do not substitute our judgment for that of the trial court. Rather, we look to the record to determine whether the sentencing court: (1) considered the statutory factors, (2) made the required findings, (3) relied on substantial evidence in the record supporting those findings, and (4) properly applied the statutory guidelines. State v. Persons (Apr. 26, 1999), Washington App. No. 98CA17, unreported, citing Griffin Katz, Ohio Felony Sentencing Law (1999) 542-547, Section 9.16-9.20.
 {¶ 6} Before imposing a term of imprisonment greater than the minimum term available for the offense, the trial court must analyze the particular facts of the case and determine whether the offender has previously served a prison term or whether the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public. R.C. 2929.14(B); State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, paragraph two of the syllabus. Likewise, before imposing consecutive terms of imprisonment, the trial court must find that consecutive service is necessary to protect the public from future crime, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses, and that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct. R.C. 2929.14(E)(4)(b); Comer at paragraph one of the syllabus. Pursuant to R.C. 2929.14(A), the minimum prison term available for a fourth- or fifth-degree felony is six months.
 {¶ 7} Wright asserts that the trial court erred in sentencing him to more than the minimum available term of imprisonment, because he has never served a prison term and because the trial court did not issue a finding that the shortest term would demean the seriousness of his conduct or not adequately protect the public. The State concedes that the trial court failed to make these findings as required by R.C. 2929.14(B). Additionally, Wright contends that the trial court erred in sentencing him to consecutive terms without making the findings required by R.C.2929.14(E)(4). Again, the State concedes that the trial court failed to make the required findings.
 {¶ 8} Pursuant to Comer, the trial court was required to make the required R.C. 2929.14 findings at the sentencing hearing. Because the trial court failed to make the required statutory findings before sentencing Wright to a four-year prison term, we find that the sentence imposed is contrary to law. Accordingly, we sustain Wright's assignment of error and remand this case to the trial court for resentencing in accordance with the guidelines set forth in R.C. 2929.14 and Comer.
Judgment Reversed.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.